From C. P. Addams, Harrisburg, Pa.

---

## Petition of Burgess and Council of Ashland Borough.

*Boroughs—Borough Code—Acceptance—Repeal of special acts—Borough in two counties—Jurisdiction of courts—Acts of April 1, 1834, and May 14, 1915.*

1. The Borough Code, Act of May 14, 1915, P. L. 312, does not repeal local or special acts relating to the incorporation of boroughs, but provides that boroughs incorporated under such acts may surrender the provisions of those acts and accept the Code by petition to the Court of Quarter Sessions.

2. The proper Court of Quarter Sessions to which such petition should be addressed is designated by the Act of April 1, 1834, P. L. 163, as the court of the county within which the borough lies. There is no provision for such a petition with reference to a borough which lies in two counties.

3. Where a petition is presented to the Court of Quarter Sessions of one of two counties in which a borough lies for permission to surrender certain provisions of the special act under which the borough was incorporated and to accept in lieu thereof the provisions of the Borough Code, the petition must be refused for want of jurisdiction.

Petition for leave to accept the Borough Code. Q. S. Schuylkill Co.

*R. C. Enterline,* for petitioner.

Koch, J., June 29, 1925.—The act referred to was approved May 14, 1915. It is entitled "An act providing a system of government for boroughs, and revising, amending and consolidating the law relating to boroughs." We will quote therefrom the following provisions:

Section 6, article I, chapter 1: "This act shall apply to all boroughs incorporated under general law and to those which have accepted the provisions of the Act of April 3rd, one thousand eight hundred and fifty-one, entitled 'Act regulating boroughs.' This act shall not annul or repeal any local or special act in force at the date of the passage of this act or any provision thereof."

Section 7, article I, chapter 1: "Any borough or incorporated town incorporated or acting under any local or special act of assembly may surrender the provisiones of its special acts, so far as they are inconsistent with this act, by presenting a petition to the Court of Quarter Sessions setting forth the desire of said borough or incorporated town to accept the provisions of this act. Such petition shall be made by the burgess, council or twenty-five electors of the borough or incorporated town."

Section 7 of article VI, in chapter 7, gives borough councils the power to appoint one or two persons as street commissioners; and sub-division VII, in section 6, article I, of chapter 7, makes it the duty of the council "to appoint and remove a treasurer and secretary."

The purpose of the present petition is to get rid of section 4 of the Special Act of April 8, 1864, P. L. 343, which provides for the election by the qualified voters of the Borough of Ashland of one person to be supervisor of the borough, and of section 1 of the Special Act of Feb. 6, 1872, P. L. 79, which provides for the election of a borough treasurer by the qualified voters of said borough. The petitioners desire, by this proceeding, to surrender the

provisions of its special acts relative to the election by the people of a borough supervisor and a borough treasurer, so that the borough council may appoint the same under the provisions of said Act of 1915.

The 22nd section of an act entitled "An act regulating boroughs," approved April 3, 1851, P. L. 320, 325, provides "That every borough hereafter incorporated by an act of the general assembly shall, unless otherwise provided, be subject to the provisions of this act," etc. And the Act of April 1, 1834, P. L. 163, gives to the Courts of Quarter Sessions of the respective counties in the State power to incorporate any town or village "within their respective jurisdictions." Therefore, the Borough of Ashland, when incorporated, became subject to the Act of 1851, but no act of assembly has changed the Act of 1834 so as to give the Court of Quarter Sessions of one county jurisdiction of a borough that lies within two counties. We, therefore, conclude that we have no jurisdiction in the premises and are not vested with the power which may in proper cases be exercised under the provisions of the Act of 1915, as above set forth. The Borough of Ashland must be treated as a whole concerning the matter before us and cannot be considered with relation to the respective parts lying in the two separate counties. The fact that the borough lies in two counties should receive the early attention of all interested parties, to the end that the voting rights of all residents may be properly exercised hereafter and that none be disfranchised.

And now, June 29, 1925, the petition is dismissed for want of jurisdiction, petitioners are allowed an exception and bill is sealed.

From M. M. Burke, Shenandoah, Pa.